**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

      v.

YEUDY VIZCAINO                         CR No. 10-cr-10366-PBS-1

**DEFENDANT'S SENTENCING MEMORANDUM**

Now Comes defendant, Yeudy Vizcaino, who respectfully files this sentencing memorandum. Specifically, defendant recommends that this Court sentence him to 120 months with 8 years of supervised release, which is the minimum term of incarceration available to the Court given the applicability of Title 21 U.S.C. Sec 851. In support of this recommendation, defendant state the following:

**I     GUIDELINE ISSUES**

Mr. Vizcaino pled guilty to conspiring to distribute over 100 grams of heroin. This carries a 5 year minimum mandatory sentence which is doubled because this is a second and subsequent drug offense pursuant to Title 21 U.S.C. Sec 851. Consequently, he faces a ten year minimum mandatory sentence.

Probation has analyzed the guideline and determined that Mr. Vizcaino has a Criminal History Category (CHC) of VI and a guideline level of 23. (PSR ¶ 100) This translates into a sentencing range of 92 to 115 months, but for the fact that he is a career offender. As a career offender, his guideline level is pegged at a level 34 and a sentencing range of 262 to 327 months. The government is recommending a sentence of 188 months and 8 years of supervised release.

Mr. Vizcaino has three predicate offenses that satisfy the career offender guideline

1

provision pursuant to Section 4B1.1 according to Probation. The first is resisting arrest in 2003 (PSR ¶116). The second is distribution of marijuana in 2004 (PSR ¶118). The third is larceny from a person in 2007 (PSR ¶126). For each of these predicates Mr. Vizcaino served no more than 6 months and the first two were served concurrently. While Mr. Vizcaino has a long criminal history, all his sentences have been to the house of corrections and he has never served any state or federal time.

### A.  The Larceny From a Person As A Predicate Offense

Section 4B1.2 requires the prosecution to prove that the alleged predicate crime qualifies as a "crime of violence" before it can be used to enhance the defendant's guidelines under the career offender provisions of the US Guideline Manual. The defense objects to the designation of Mr. Vizcaino's larceny from a person as a predicate as it is not categorically a crime of violence.

The Supreme Court has held that the complaint, statute or admissions by the defendant must demonstrate that an element of force was used or that the conduct presented a serious potential risk of physical injury to the victim or another person before a crime constitutes a crime of violence under the career offender provision. More recently, United States v. Holloway, 630 F.3d 252, 254 (1st Cir. 2011) and Johnson v. United States, 130 S.Ct. 1265 (2010) have held that if a statute is unclear or the charging documents contain multiple options--where one option is that the conduct charged would be nonviolent--then the crime would not qualify as a violent offense.

MGL C 266, sec 25(b), which is the governing statute for larceny from a person, does not contain an element of force. In Commonwealth v. Davis, 7 Mass. App. Ct. 9, 11, 385 N.E. 2d 278 (1979) the state court held that since there is neither an element of intimidation or violence

contained in the statute anyone who acts with stealth (i.e., a pick pocket) would be convicted under this statute.  If force was used then, they would be guilty of unarmed robbery. Id.  Larceny from a person is, therefore, a lesser included of unarmed robbery (excluding the use of force element) and categorically not a crime of violence.

Larceny from a person is, therefore, in Massachusetts categorically not a "crime of violence" under 4B1.2, et seq.  As there is no evidence that Mr. Vizcaino admitted to any elements or facts that would convert this crime into a "crime of violence", it should not be considered as a predicate for his career offender designation.   Defendant moves this Court to so find.

### B.  Time Served On Related Offenses

Probation has found that the drug offenses designated in ¶ 129 and 130 of the PSR are related to the instant offense and, therefore, do not count for purposes of the CHC calculation. Defendant agrees and recommends that this Court grant defendant time served on the instant offense back to the date of incarceration for that offense.   He began serving a two year house of corrections sentence on those two cases back on October 18, 2010.   See 5G1.3.

There are questions whether the Court can order time served back to the original date of incarceration for the state offenses for the portion already discharged pursuant to 5G1.3.   The Court can, however, reduce his sentence in the instant matter by the time previously served on those state matters.   This will only make a difference if the Court were to exceed the defense recommendation of 120 months or the minimum statutory sentence Mr. Vizcaino is facing.

### II.  THE DEFENSE RECOMMENDATION

The defense recommends a term of incarceration of 120 months with eight years of supervised release.   In doing so, Mr. Vizcaino moves this Court to reduce his advisory guideline's

3

sentence for the following reasons:

As this Court knows Title18 U.S.C. § 3553(a) identifies the factors to be used in sentencing.   The sentence imposed must reflect a two-fold approach; one that deals with the needs of the defendant and that which speaks to societal concerns. The factors cited are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

After considering these factors the Court is obliged to assign a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. See, United States v. Lacy, 99 F. Supp. 2d 108, 119 (D. Mass. 2000). The guidelines are now advisory and the Court may vary from the guidelines range based solely on policy considerations, including disagreements with the guidelines and that the guideline sentence fails to properly reflect the considerations listed in § 3553. There is no presumption that the guideline sentence is the correct one. See, Rita v. United States, 127 S. Ct. 2456 (2007).

In Mr. Vizcaino's case, he has never served more than a 2 year house of corrections

sentence in the past.   Consequently, a ten year sentence in this case will be a significant departure from his past experiences in the Court system.   He is 34 years old and will not be released until well into his forties.    The disparity in sentences from the state to this federal sentence will send a strong message to him that his repeated conduct has serious consequences.   A sentence of more than ten years is simply not necessary for the offense or his background.

The ten year sentence combined with eight years of supervised release will accomplish all the goals of the sentencing commission and Congress.   The sentence is long enough to afford him the opportunity to

a.   Address his vocational needs and develop work skills;

b.   Address his substance abuse problems which are clearly the undercurrent of his criminal behavior;

c.   Give him an opportunity to seek out mental health treatment;

d.   Provide him with educational opportunities not available n state facilities;

e.   Provide him with structure and guidance for 8 full years after his release.   His ability to comply with the terms of his supervised release will be the critical test for whether he truly gets the message that his behavior will not be tolerated.   He will be on supervised release into his early fifties.

Unlike any of the state sentences that Mr. Vizcaino has been subjected to, a ten year term of incarceration plus 8 year term of supervised release will mean that he is in some form or fashion under the supervision of the federal government for the next 16 to 18 years.   There is no question that a 120 month sentence is significant for someone like Mr. Vizcaino and will send a compelling message to him and his peers that repeated criminal behavior has serious consequences.   The 8

year term of S.R. will ensure that Mr. Vizcaino has learned his lesson while giving him an opportunity to live his life in accordance with the law with minimal cost to the taxpayer. If he fails that test ten years from now, the consequences will be far more serious for him.

The sentence recommended by the defense will also serve to protect the public from any further mischief by Mr. Vizcaino. When he is released he will be in his mid-forties which is certainly beyond his prime years. Additionally, the threat of re-incarceration posed by the supervised release will not only help him walk a straight line but will ensure that he avoids illegal substances which have clearly been a driving force behind his criminal behavior in general.

Neither the public's interests nor Mr. Vizcaino's interests will be served by subjecting him to a longer sentence. Either he conforms his conduct to the requirements of society after ten years or he doesn't. The additional five years recommended by the prosecution has no rational basis to support it. In fact, the longer he is off the streets, the more difficult the transition will be back into society. At least when he is in his early forties, he'll be young enough to get a job and implement all the vocational and educational skills he has reaped while incarcerated. The balance of a ten year sentence with the supervised release is the best fit under the circumstances.

Wherefore, Mr. Vizcaino moves this Court to grant his motion to reduce his sentence and to impose a sentence of 120 months with eight years of supervised release.

Submitted By
Yeudy Vizcaino's Attorney

/S/James Budreau
James Budreau, BBO # 559931
20 Park Plaza Suite 1405
Boston, MA 02116
(617)338-5566

      I hereby certify that I served a copy of this motion through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 8th day of September, 2011.

                                      /s/ James Budreau